NO. 07-00-0408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 23, 2001

______________________________

CLARENCE HENRY HIGH,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2,
 COURT OF POTTER COUNTY;

NO. 89,543; HON. PAMELA C. SIRMON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Clarence Henry High (appellant) appeals his conviction for criminal trespass.  Through six points of error, he contends that the evidence was both legally and factually insufficient to support the jury’s verdict of guilty.  This is allegedly so because the state failed to prove that he was notified that his presence on the property was forbidden by someone considered an owner of the property.  We overrule the points and affirm the judgment.

Authority

Rather than reiterate the well-settled standards of review applicable to claims of legal and factual insufficiency, we cite the litigants to 
Jackson v. Virginia
, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); 
King v. State
, 29 S.W.3d 556 (Tex. Crim. App.2000); 
Clewis v. State
, 922 S.W.2d 126 (Tex. Crim. App.1996); and 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim. App.1988)
 for explanations of same.

Next, the legislature directed that one commits a criminal trespass if he “enters or remains on property . . . of another without effective consent . . . and he . . . had notice that the entry was forbidden . . . .”  
Tex. Pen. Code Ann
.
 §30.05(a)(1) (Vernon Supp. 2001).  That same body defined “notice” as “oral or written communications by the owner or someone with apparent authority to act for the owner.”  
Id.
 at §30.05(b)(2).  So too did it define “owner” to mean one who “has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor . . . .”  
Id.
 at §1.07(a)(35)(A); 
Jordan v. State
, 707 S.W.2d 641, 644 (Tex. Crim. App. 1986).

Application

Appellant was formally charged with intentionally and knowingly entering the property of Elizabeth Ann Whitley without her effective consent and after he had notice that his entry was forbidden.  Furthermore, the record before us contains evidence illustrating that Whitley was the manager of a local entertainment establishment and that she had been contacted by her bartender about appellant’s presence at the locale.  Appellant had entered same and engaged in an argument with another person.  The bartender phoned Whitley about the situation.  In response, Whitley informed the bartender to have appellant removed because she “didn’t want him on the premises anymore.”  The bartender complied and called the police.  

Upon arrival, an officer was told that appellant was no longer wanted on the premises.  The officer then asked the bartender if she wanted them to serve appellant with a “trespass warning.”
(footnote: 1)  The bartender announced yes and told the officers that she was authorized by Whitley to sign the document.  The officers thought that the bartender lacked the authority to sign the document.  Nevertheless, they  served appellant with a “trespass warning” and informed him that he was “no longer allowed on the premises at any time forever.”  Appellant signed the warning and the document was then left with the bartender for Whitley to sign.

Appellant left the premises, as did the police.  However, within an hour he returned.  At that point, the bartender “asked him not to come in,” which directive he disobeyed.

The foregoing constitutes some evidence illustrating that Whitley banned appellant from the property and that notice of this ban was delivered to him through the police.  That the police were the ultimate conduit of Whitley’s directive matters not for they acted at the behest of Whitley who had made the decision to have appellant removed.  And, that Whitley did not sign the written “trespass warning” until after appellant was arrested is also irrelevant for the notice could be either written or oral.  
Tex. Pen. Code Ann
.
  §30.05(b)(2)(A).  

So, we have before us enough evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant was notified by one considered an owner that his presence at the locale was without effective consent.  So too do we conclude that such a decision would not be clearly erroneous or manifestly unjust if all evidence of record were considered.  Consequently, the jury’s verdict enjoys legally and factually sufficient evidentiary support and the judgment is affirmed.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
A “trespass warning” is a document informing the recipient that he is forbidden from returning to the premises.